UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

```
U.S. DISTRICT COURT
DISTRICT OF VERMONT
       FILED

2022 MAY -5  PM 2: 29

          CLERK
BY_____
       DEPUTY CLERK
```

MANETIRONY CLERVRAIN and )
FRIDELYNE MAISONEAUVE, )
 )
    Plaintiffs, )
 )
v. )   Case No. 5:22-cv-90
 )
KRISTIN L. CLOUSER, Secretary at )
Vermont.gov, et al., )
 )
    Defendants. )

**ORDER GRANTING APPLICATION FOR LEAVE TO
PROCEED *IN FORMA PAUPERIS*, GRANTING MOTION FOR
MITIGATING FINANCIAL BURDEN, AND DISMISSING COMPLAINT**
(Docs. 1, 1-1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14)

On April 25, 2022, Plaintiff Fridelyne Maisoneauve filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. The attached proposed Complaint, however, is signed by only Plaintiff Manetirony Clervrain, who has not filed an IFP application. Mr. Clervrain also filed thirteen additional motions, including a "Motion for Mitigating Financial Burden or ("IFP") Constitutional Issues by Massive Issues 'Right Aggravated' Treatment Act." *See* Doc. 2; *see also* Docs. 3–14. The Complaint names Kristin L. Clouser, alleged to be a Secretary at Vermont.gov, and multiple other defendants. For the reasons explained below, Plaintiffs' requests to proceed without prepaying the filing fee, are GRANTED; however, for the reasons discussed below, the Complaint is DISMISSED and the remaining motions are DENIED as moot. Plaintiffs are also warned against future frivolous filings in this Court.

**Background**

This is the second case Mr. Clervrain and Ms. Maisoneauve have sought to file in this Court. *See Clervrain v. Scott*, No. 5:22-cv-74 (D. Vt. Apr. 4, 2022). Mr. Clervrain is a serial

litigant. Since his first case was dismissed a month ago, no less than seventeen other orders and decisions have been issued in his cases. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (observing that "courts routinely take judicial notice of documents filed in other courts"). As the Court has noted, one court recently observed that Mr. Clervrain[1] has "filed over 216 actions in federal courts in 39 states, spanning from Alaska to Florida and Hawaii to Maine. Plaintiff's tour has taken him to every federal circuit court, the United States Judicial Panel on Multidistrict Litigation, and even the Supreme Court of the United States." *Clervrain v. Edwards*, No. CV 21-345, 2022 WL 636048, at *1 (M.D. La. Feb. 11, 2022), *report and recommendation adopted*, 2022 WL 628537 (M.D. La. Mar. 3, 2022). Mr. Clervrain's prior suits have led some courts to impose filing bans due to his "vexatious and excessive litigation." *Clervrain v. Dimon*, No. 21-cv-02918, 2021 WL 6551107, at *1 (S.D. Ind. Dec. 27, 2021.)

## Analysis

As in the prior case, Ms. Maisoneauve's request to proceed IFP (Doc. 1) is GRANTED because she submitted a financial affidavit that makes the required showing under 28 U.S.C. § 1915(a). The proposed Complaint, however, must be stricken as to Ms. Maisoneauve because Mr. Clervrain is not competent to sign it as her counsel and she has not personally signed it. *See Clervrain*, No. 5:22-cv-74 (Doc. 13) (D. Vt. Apr. 4, 2022) (striking Complaint as to Ms. Maisoneauve); *see also* Fed. R. Civ. P. 11 (requiring an unrepresented party sign a pleading personally and that the court strike an unsigned paper); D. Vt. L.R. 11(a).

This Court has warned Mr. Clervrain that he should not hold himself out before this Court as an attorney because the unauthorized practice of law is a serious offense which this

---

[1] This Court also found a number of cases filed under the surname "Clervain" and he attempted to file a case in the District of Connecticut under the name Ciervnein. *See Clervain v. Malloy*, No. 3:19-MC-23, 2021 WL 40183, at *1 (D. Conn. Jan. 5, 2021).

2

Court will not tolerate. *See Clervrain*, No. 5:22-cv-74 (Doc. 13 at 3 & n.2) (D. Vt. Apr. 4, 2022). Mr. Clervrain is not admitted to practice before this Court, does not appear to be an attorney, and a power of attorney does not grant an individual a legal right to practice law before this Court. As a nonlawyer, Mr. Clervrain can only represent his own interests. *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (cleaned up).

As in the prior case, Mr. Clervrain has not moved to proceed IFP, instead filing a "Motion for Mitigating Financial Burden or ('IFP') Constitutional Issues by Massive Issues 'Right Aggravated' Treatment Act" that states "I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them." (Doc. 2 at 1.) This thirty-page document also includes a list of income and assets as well as expenses. (*Id.* at 18–22.) Because the purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system, and in light of Plaintiff's self-represented status, the Court affords a liberal interpretation to his motion and GRANTS the motion (Doc. 3) to the extent that Mr. Clervrain is allowed to proceed without prepaying the case filing fee.

Under the IFP statute, however, the court must conduct an initial screening of the Complaint, *see* 28 U.S.C. § 1915(e)(2)(B), and, as with his prior case, the proposed Complaint is insufficient and must be dismissed for several reasons. First, it fails to allege any facts against any of the named defendants. *See Terry v. N.Y. City Dep't of Corr.*, No. 10 Civ. 6197, 2012 WL 718555, at *2 (S.D.N.Y. Mar. 6, 2012) ("It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint" should be granted.) Second, it fails to state a plausible claim. Third, it is frivolous because the proposed Complaint lacks an

3

arguable basis in law or fact as the statutes named are largely invented. The Complaint must be dismissed under § 1915(e)(2)(B).

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020) (internal quotation marks and alterations omitted). Because Plaintiff makes the same basic frivolous allegations in this case that have previously been dismissed, Plaintiff is denied leave to amend because it would be futile. *See Clervrain*, No. 5:22-cv-74 (Doc. 13 at 7); *see also Clervrain v. Jeffreys*, Case No. 22-cv-571, at *3 (S.D. Ill. Mar. 29, 2022) (denying Mr. Clervrain leave to amend because it would be futile "as evidenced by the hundreds of similar claims that have already been dismissed by courts throughout the country").

Ms. Maisoneauve and Mr. Clervrain have now twice sought IFP status in the District of Vermont, as well as filing numerous cases around the country. In each of the cases filed in this Court and in the majority of the others, the court granted the IFP motions, however, the proposed Complaints were dismissed after the required review under 28 U.S.C. § 1915(e)(2)(B). District courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986) ("A district court not only may

but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.") (internal quotation marks omitted). Thus, the court may prohibit an individual from filing new actions in the venue when he or she "abuse[s] the process of the [c]ourts to harass and annoy others with meritless, frivolous, vexatious[,] or repetitive [filings.]" *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981). In light of the history of multiplicitous litigation, Ms. Maisoneauve and Mr. Clervrain are warned that future frivolous filings in this District may result in a filing injunction.[2]

## Conclusion

For the reasons explained above, Ms. Maisoneauve's IFP Application (Doc. 1) is GRANTED; however, the proposed Complaint is stricken as to her. Mr. Clervrain's Motion for Mitigating Financial Burden (Doc. 2) is GRANTED IN PART as Mr. Clervrain is also granted IFP status. The proposed Complaint, however, is DISMISSED under 28 U.S.C. § 1915(e)(2)(B). The remaining motions (Doc. 3–14) are DENIED AS MOOT.

The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal of the dismissal of the proposed Complaint would not be taken in good faith. This case is CLOSED.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 5th day of May 2022.

Geoffrey W. Crawford, Chief Judge
United States District Court

---

[2] The court "may not impose a filing injunction on a litigant *sua sponte* without providing [that] litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998).